IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>**ALICIA MARIA DORSEY,**<br><br>Debtor. | Case No. 1:15-cv-00337-RC<br><br>Bankr. Case No. 15-00038 |
| **ALICIA MARIA DORSEY**<br>            **Appellant,**<br><br>       v.<br><br>**JUDY A. ROBBINS,**<br>**United States Trustee for Region 4**<br>            **Appellee.** | |

**UNITED STATES TRUSTEE'S RESPONSE TO**
**APPELLANT'S MEMORANDUM OF POINTS AND AUTHORITIES**

Appellee, Judy A. Robbins, United States Trustee[1] for Region Four, filed a motion to dismiss this matter for lack of jurisdiction because the Appellant, Alicia Dorsey, failed to file her notice of appeal timely. [Dkt. No. 9] Ms. Dorsey filed an opposition to this motion arguing that the bankruptcy order is interlocutory and because it is interlocutory, this Court may elect to hear this appeal. [Dkt. No. 12] Neither argument is correct. Regardless of whether an appeal is from a final bankruptcy court order or an interlocutory order, 28 U.S.C. § 158(c)(2) requires that the Appellant seek review within 14 days. And this deadline is jurisdictional. Moreover, the bankruptcy court's order was not interlocutory. By dismissing

---

[1] The United States Trustee is an official of the United States Department of Justice appointed by the Attorney General to supervise the administration of bankruptcy cases. 28 U.S.C. § 581(a)(4).

Office of United States Trustee
Bradley D. Jones, Trial Attorney
115 South Union Street, Room 210
Alexandria, VA 22314
(703) 557-7228
bradley.d.jones@usdoj.gov                                                                                       Page 1 of 8

the case with prejudice, the bankruptcy court intended to fully resolve this matter and multiple courts have held that dismissals of a bankruptcy case, both with prejudice and without prejudice, are final orders. Thus, this Court should dismiss Ms. Dorsey's appeal.

## ARGUMENT

1. **Regardless of Whether The Bankruptcy Court's Order Was Interlocutory, The Notice of Appeal Was Not Timely and This Court Lacks Jurisdiction**

The U.S. Trustee sought dismissal of this appeal on the grounds that this Court lacks jurisdiction over the appeal because Ms. Dorsey failed to timely note her appeal. Ms. Dorsey's opposition does not contend that the appeal was timely, but argues instead that the underlying order was interlocutory and motions for leave to file interlocutory appeals are directed to the District Courts.[2] [Opposition at 14] But this does not change the untimely nature of the appeal, nor grant this Court jurisdiction to decide it.

Under 28 U.S.C. § 158(c)(2), all appeals from bankruptcy court orders pursuant to 28 U.S.C. § 158(a) must be taken within the time period provided by Bankruptcy Rule 8002. This deadline applies to appeals from final bankruptcy judgments, orders, and decrees. 28 U.S.C. § 158(a)(1). And it also applies to appeals of interlocutory orders. 28 U.S.C. §§ 158(a)(2) & (3). Because of this requirement, Bankruptcy Rule 8002's time limit for appeals is incorporated into the procedures for interlocutory appeals under the bankruptcy rules. Fed. R. Bankr. P. 8004(a)(1).

Ms. Dorsey concedes that she is seeking review pursuant to 28 U.S.C. § 158(a)(3). [Opposition at 5]. Thus Bankruptcy Rule 8002(a) applies, and the notice of appeal must have been filed in the bankruptcy court within 14 days after the bankruptcy court entered its order

---

[2] Ms. Dorsey never filed a motion for leave to file an interlocutory appeal as required by Fed. R. Bankr. P. 8004(b). Presumably, she is asking that this Court to treat her filing of a notice of appeal as that motion, pursuant to Rule 8004(d). But that rule – consistent with the jurisdictional requirements of 28 U.S.C. § 158(c)(2) – only applies "if an appellant *timely* files a notice of appeal." (emphasis added).

dismissing this case. Because this time limitation is jurisdictional, Ms. Dorsey's failure to file her notice of appeal prior to this deadline leaves this Court without authority to hear her appeal.[3]

In her Opposition, Ms. Dorsey cites *In re Bertoli*, 812 F. 2d 136 (3rd Cir. 1987) as support for this Court's authority to exercise jurisdiction over interlocutory appeals despite defects in noting the appeal. But Ms. Dorsey's case is materially different, as *Bertoli* addressed only what form a notice of appeal must follow, not whether an untimely filed notice may be filed.[4] In *Bertoli*, the appellant failed to file a notice of appeal during the 30 day appeal period following an adverse judgment entered by the District Court. *Id.* at 137. But the appellant did file a motion for leave to file an interlocutory appeal during that 30 day period. *Id.* The Third Circuit found that the timely filed motion contained all the requirements of the notice to appeal including: the appellant's intention to appeal, the judgment that was being appealed, and the court to which the appeal would be taken. *Id.* at 138. Thus, there was no jurisdictional problem. *Bertoli* then moved on to find that bankruptcy court judges need not certify interlocutory appeals to the District Courts or Courts of Appeals. *Id.* at 138-40. But the resolution of the certification issue has no bearing on whether an appellate court has jurisdiction over untimely appeals, which is why the Third Circuit's began its analysis with timeliness. Here, unlike the appellant in *Bertoli*, Ms. Dorsey never timely filed a motion or any other pleading during the appeal period.

---

[3] As noted in the U.S. Trustee's motion to dismiss, while the United States Court of Appeals for the District of Columbia has not ruled on the question, every court of appeals to consider the issue has found that the 14 day deadline for bankruptcy appeals imposed by section 158(c)(2) is jurisdictional, including the 2nd, 3rd, 5th, 6th, 8th, 9th, and 10th Circuits. [Dkt. No. 9 at 4]

4 *Bertoli* is also legally irrelevant because it did not interpret the deadline established by 28 U.S.C. § 158(c)(2). As the United States Trustee's motion to dismiss discussed, that deadline is jurisdictional.

### 2. The Bankruptcy Court's Order Dismissing the Case With Prejudice Was Final and Not Interlocutory.

"Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Bullard v. Blue Hills Bank*, 135 S.Ct. 1686, 1691-92 (2015) *citing Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 547 U.S. 651, 617 n3 (2006). While finality in the bankruptcy arena is different than ordinary civil litigation because a bankruptcy case involves an aggregation of creditor claims and other individual disputes, *see Bullard*, 135 S.Ct. at 1692, an order granting a motion to dismiss a bankruptcy case for cause "is final for purposes of appeal" as is an order dismissing a case with prejudice. *See In re Lee*, 467 B.R. 906, 910-11 (B.A.P. 6th Cir. 2012) (internal citations omitted); *see also In re Pruitt,* 910 F. 2d 1160 (3rd Cir. 1990) (finding that dismissal of bankruptcy case with prejudice was a final judgment, order, or decree); *In re Rodriguez,* 516 B.R. 177 (B.A.P. 1st Cir. 2014) (holding that order dismissing case with bar to refiling was final and appealable).[5]

A dismissal creates a final disposition in a bankruptcy case because it "alters the status quo and fixes the rights and obligations of the parties." *Bullard,* 135 S.Ct. at 1689. This change significantly impacts Ms. Dorsey and her creditors. It ends her case and denies her a discharge of her pre-petition debts to her creditors. It also lifts the automatic stay and exposes her to collection efforts by creditors, and limits the availability of an automatic stay in a subsequent bankruptcy case. *Id.* at 1692-93.

Here, the dismissal of Ms. Dorsey's case resolved the bankruptcy court's involvement in disputes regarding her property. With the dismissal, the chapter 7 trustee will no longer administer any non-exempt property she may have. 11 U.S.C. § 349(b)(3). And her principal

---

[5] Orders granting relief from the automatic stay are also final, appealable orders. *State Bank of Florence v. Miller (In re Miller)*, 459 B.R. 657, 661 (B.A.P. 6th Cir. 2011). Disallowing a subsequent bankruptcy filing unless it would not impact the foreclosure and possession rights of the lender would have a similar effect to granting relief from the stay.

creditor, BSI Financial Services, Inc. will not be subject to the automatic stay, nor require bankruptcy court approval to foreclose on Ms. Dorsey's home. 11 U.S.C. § 362(c)(2)(B).

Ms. Dorsey argues that the bankruptcy court did not intend to finally dispose of the dismissal with prejudice issue since the order left open the possibility that the prejudice period could be shortened. Opposition at 12-13. But that is not the case.

Nothing in the order indicates that the bankruptcy intended to do anything further in this case. The order made the clear it was the debtor's burden to file a motion to seek modification of the dismissal terms – the bankruptcy court merely informed the *pro se* debtor of a legal option she may not have been aware of. There is nothing to indicate that the bankruptcy court intended to make further findings or take any further action.

And the mere possibility that an order may be modified at some later point does not make the matter interlocutory. Bankruptcy Rule 9024 (incorporating Fed. R. Civ. P. 60) expressly provides that a court may relieve a party from a final judgment where the judgment "has been satisfied" or "applying it prospectively is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5) & (6). But this has no effect on the finality of that judgment. Fed. R. Civ. P. 60(c)(2); *see also Bryan v. Erie County Office of Children and Youth*, 752 F.3d 316, 321 (3rd Cir. 2014) ("A Rule 60 motion does not 'affect the judgment's finality or suspend its operation,' [] so it does not form part of the original action. Indeed, Rule 60(b)(5) motions are used by a judgment-debtor to relieve itself of an already-final judgment that has been satisfied, released, or discharged.") (citations omitted).[6]

---

[6] The bankruptcy court's order contemplated a potential motion to modify brought before the two-year prejudice period expired. While some motions under Rule 60(b) must be brought within one year of the entry of the order, this time limitation does not apply to motions brought under Rule 60(b)(5) or (6) so long as the motion is made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

In the bankruptcy context, the ability to seek these modifications is particularly important because final orders can at times require modification years later. For instance, the confirmation of a chapter 13 plan is a final, appealable order. *See Bullard*, 135 S.Ct. at 1692 (noting that "confirmation has preclusive effect, foreclosing relitigation of 'any issue actually litigated by the parties and any issue necessarily determined by the confirmation order.'") (internal citations omitted). But over the three or five year term of a chapter 13 plan,[7] a debtor's disposable income or other circumstances may change and the plan require modification. Yet despite the finality of the plan confirmation order, the debtor retains the right to modify the plan. 11 U.S.C. §§ 1329; *Bullard* at 1694.

In a similar way, the bankruptcy court's order here fixes the rights of Ms. Dorsey, and her lender, with respect to bankruptcy protection of Ms. Dorsey's real property. Over the next two years her lender may take possession of her home or Ms. Dorsey may prevail in non-bankruptcy forum that resolves the dispute in her favor. If either possibility occurs, it would be unfair for Ms. Dorsey to be prevented from seeking bankruptcy relief where the purpose of the court's order is satisfied.[8] But the potential need to modify the order if circumstances change, does not change the finality of the order, nor does the bankruptcy court's concern that Ms. Dorsey be aware this potential avenue of relief, indicate that the court did not intend to fully dispose of the matter based on the facts available at the time.

---

[7] The time period for a chapter 13 plan is dictated by 11 U.S.C. §§ 1325(b)(4) with the minimum length of the plan dependent on the debtor's current monthly income.

[8] Because interlocutory appeals are not appeals of right, if Ms. Dorsey's contention is correct, a party unable to make the requisite showing for an interlocutory appeal would have to wait years to gain appellate review of the bankruptcy court's order.

**CONCLUSION**

For these reasons, the United States Trustee respectfully asks this Court to dismiss this appeal.

July 7, 2015

JUDY A. ROBBINS
UNITED STATES TRUSTEE, REGION 4

By: */s/ Bradley D. Jones*
Bradley D. Jones (VSB No. 85095)
Trial Attorney
Office of United States Trustee
115 South Union Street, Suite 210
Alexandria, VA 22314
(703) 557-7228

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 7, 2015, a true copy of this motion, notice of motion, and proposed order were served on the following persons by first class U.S. mail, or by notice of electronic filing:

| | | |
|---|---|---|
| Alicia Maria Dorsey<br>3515 Texas Ave., SE<br>Washington, DC 20020<br>*Appellant* | Wendell W. Webster Webster &<br>Fredrickson, PLLC<br>1775 K Street, NW, Suite 600<br>Washington, DC 20006<br>*Chapter 7 Trustee* | Christina Williamson<br>BWW Law Group, LLC<br>6003 executive Blvd., # 101<br>Rockville, MD  20852<br>*Counsel for BSI Financial Services, Inc.* |

                */s/ Bradley Jones*
                Bradley D. Jones
                Trial Attorney